FILED
JUL 27 2011
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>SALEH LAJKEM and<br>ROSALBA C. RAMIREZ<br><br>            Debtors. | Case No. 10-56363-ASW<br><br>Chapter 7 |
| SALEH LAJKEM and<br>ROSALBA C. RAMIREZ,<br><br>            Plaintiffs,<br><br>vs.<br><br>JP MORGAN CHASE BANK, ET AL,<br><br>            Defendants. | Adv. Proc. No. 11-5060 |

**MEMORANDUM DECISION ON MOTIONS PREVIOUSLY
SET FOR HEARING ON JUNE 23, 2011**

Before the Court are several matters filed by Debtors Saleh Lajkem and Rosalba C. Ramirez ("Plaintiffs") originally set for hearing on June 23, 2011. The June 23, 2011 hearing was taken off calendar to allow the Court to issue a written decision on the following matters: (1) Plaintiffs' motion for summary judgment against ACS Educational Loan Services ("ACS")(formerly known as Chase Student Loan Services) and New Mexico Student Loans (set for hearing per notice filed April 25, 2011); (2) Plaintiffs' motion to

dismiss Educational Credit Management Corporation ("ECMC") from these proceedings (set for hearing per notice filed May 5, 2011); (3) Plaintiffs' notice of violation of transfer of claim between ECMC and JP Morgan Chase Bank (with American Student Assistance ("ASA") as guarantor) pursuant to Federal Rule of Bankruptcy Procedure 3001(e)(2) ("Rule 3001(e)(2)") (set for hearing per notice filed June 13, 2011); (4) Plaintiffs' motion to treat paragraphs four and fourteen of ECMC's answer to Plaintiffs' first amended complaint as affirmative (set for hearing per notice filed May 27, 2011); (5) Plaintiffs' motion to strike New Mexico Educational Assistance Foundation's (doing business as New Mexico Student Loans) motion to dismiss pursuant to Bankruptcy Local Rule 9014-1 (set for hearing per notice filed June 10, 2011); and (6) Plaintiffs' motion to strike ECMC's points and authorities and accompanying declaration of Kerry Klisch pursuant to Civil Local Rule 7-3 (set for hearing per notice filed June 13, 2011).

Plaintiffs are proceeding in propria persona. Defendant ECMC is represented by Miriam Hiser, Esq. of the Law Offices of Miriam Hiser. Defendant New Mexico Student Loans is represented by Reginald J. Storment, Esq. The other defendants have not yet appeared in this adversary proceeding.

This Memorandum Decision constitutes the Court's findings of fact and conclusions of law, pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## I.

## FACTS

Plaintiffs filed a chapter 7 bankruptcy petition on June 18, 2010. Plaintiffs' Schedule F, filed on July 2, 2010, lists total student loan debt of $116,185.42. ACS is listed as being owed $58,670.42 in student loan debt. JP Morgan Chase Bank is listed as being owed $25,129.00 in student loan debt. New Mexico Student Assistance is listed as being owed $2,351.00 in student loan debt. Suntech Collegiate Funding is listed as being owed $30,035.00 in student loan debt. No student loan creditor filed a claim or complaint to determine the dischargeability of Plaintiffs' student loan debt while Plaintiffs' bankruptcy case was pending. Plaintiffs received a discharge on September 21, 2010 and Plaintiffs' bankruptcy case was closed on September 22, 2010.

On February 28, 2011, Plaintiffs sent a letter to the undersigned Judge asking for declaratory judgment concerning the discharge of Plaintiffs' student loan debt in Plaintiffs' bankruptcy case. The Court treated the letter as a complaint. The letter alleged that JP Morgan Chase Bank (with ASA as guarantor) and New Mexico Student Institute of Mining and Technology were attempting to collect unpaid student loan principal balances plus interest. Plaintiffs inquired as to why Plaintiffs' student loan debt was not discharged in Plaintiffs' bankruptcy case. Plaintiffs also alleged that, because Plaintiff Saleh Lajkem was unemployed and recently diagnosed with a mental disability, the student loan debt posed an extreme financial burden to Plaintiffs' single-income family. There is no indication in the public record that this letter was served on the named defendants.

On March 8, 2011, Plaintiffs filed a motion for summary judgment against ACS and New Mexico Student Loans. This motion was denied at a hearing held on April 11, 2011 because Plaintiffs' letter complaint was not served properly.

On March 31, 2011, ECMC filed an answer to Plaintiffs' letter complaint. ECMC's answer asks the Court to: (1) dismiss Plaintiffs' complaint with prejudice; (2) declare Plaintiffs' debt to ECMC to be non-dischargeable; (3) award ECMC fees and costs in responding to Plaintiffs' complaint; and (4) any other relief the Court deems proper.

Also March 31, 2011, Plaintiffs filed a request for a clerk's entry of default against ACS and New Mexico Student Loans. This request was denied at the hearing on April 11, 2011 because Plaintiffs' letter complaint was not served properly.

On April 25, 2011, Plaintiffs filed a first amended complaint against ACS, New Mexico Student Loans, and ECMC requesting a declaratory judgment or, in the alternative, a determination of whether Plaintiffs' student loan debt is non-dischargeable under Bankruptcy Code section 523(a)(8). Plaintiffs allege that Plaintiffs' student loan debt was discharged in Plaintiffs' chapter 7 bankruptcy case and that defendants were engaged in deceptive collection tactics.

Also on April 25, 2011, Plaintiffs re-noticed for hearing Plaintiffs' motion for summary judgment against ACS and New Mexico Student Loans on the basis that Plaintiffs' debts to these two entities were discharged in Plaintiffs' chapter 7 bankruptcy case.

On May 5, 2011, Plaintiffs moved to dismiss ECMC from the proceedings on the basis that the National Student Loan Data System

("NSLDS") listed ASA as the "guarantee agency" for Plaintiffs' student loan debt, and not ECMC.

On May 18, 2011, ECMC filed an answer to Plaintiffs' first amended complaint ("ECMC Answer"), which alleged that ECMC is the current holder of a student loan promissory note executed by Plaintiff Saleh Lajkem of which the outstanding principal and interest balance is approximately $64,000.00.

On May 27, 2011, Plaintiffs moved to treat ECMC's answers to Plaintiffs' first amended complaint in paragraphs four and fourteen as affirmative. Paragraph four of ECMC's answer admits the allegations contained in paragraphs eight, nine, and eleven of Plaintiffs' first amended complaint. Paragraph fourteen is ECMC's denial of the allegations in paragraphs fifty-seven to sixty-three of Plaintiffs' first amended complaint.

Also on May 27, 2011, Plaintiffs filed a notice of violation of transfer of claim by ECMC and JP Morgan Chase Bank (with ASA as guarantor) pursuant to Rule 3001(e)(2). Plaintiffs allege that, according to Rule 3001(e)(2), ECMC should have filed a proof of claim with the Clerk's Office. The Clerk would then substitute the transferee for the transferor in the claims register unless a party in interest objected.

On June 2, 2011, New Mexico Student Loans moved to dismiss Plaintiffs' first amended complaint as to New Mexico Student Loans on the ground that the student loan debt in which New Mexico Student Loans is alleged to have an interest is actually owed to New Mexico Institute of Mining and Technology (serviced by University Accounting Services). No declarations or other evidence were filed in support of New Mexico Student Loans' motion.

Case: 11-05060    Doc# 83    Filed: 07/27/11    Entered: 07/27/11 15:35:15    Page 5 of 18
MEMORANDUM DECISION ON MOTIONS PREVIOUSLY
SET FOR HEARING ON JUNE 23, 2011
5

On June 7, 2011, ECMC filed a memorandum of points and authorities (in opposition to Plaintiffs' motion to dismiss and Plaintiffs' motion for summary judgment) and an accompanying declaration by Kerry Klisch. ECMC asserts that ECMC is the current holder of one of the student loan promissory notes at issue in this litigation, that ECMC filed a timely answer to Plaintiffs' first amended complaint, and that ECMC's counsel provided Plaintiffs with courtesy copies of the assignment documents. ECMC also moved for summary judgment on the grounds that student loan debt creditors do not need to file proofs of claim, since Bankruptcy Code section 523(a)(8) is self-executing, and Plaintiffs never established the dischargeability of Plaintiffs' student loan debt.

According to the declaration by Kerry Klisch: (1) the debt in which ECMC claims an interest was originally held by BONY Mellon ELT CFS LN TRUSTS/CHASE and originally guaranteed by ASA; (2) when Plaintiffs filed for bankruptcy, the original lender transferred all right, title, and interest in the note to ASA, which in turn transferred the note to ECMC; (3) JP Morgan Chase Bank does not hold any title, right, or interest to the note; and (4) ECMC is the only party which can represent ECMC's interests adequately. ECMC attached a copy of the assignment of claim from ASA to ECMC to ECMC's motion.

Also on June 7, 2011, Plaintiffs filed a request for clerk's entry of default against ACS, JP Morgan Chase Bank, and New Mexico Institute of Mining and Technology. All three requests were denied by the Clerk's Office on June 8, 2011 because Plaintiffs did not file a Form B260, and because Plaintiffs did not serve the complaint to the name of an individual identified by title as

required by Federal Rule of Bankruptcy Procedure 7004(b)(3) for a corporate or partnership defendant.

On June 9, 2011, Plaintiffs filed a motion to strike New Mexico Student Loans' motion to dismiss on the grounds that New Mexico Student Loans violated Civil Local Rule 9014-1 because New Mexico Student Loans' motion was not accompanied by any declarations or a memorandum of law supporting New Mexico Student Loans' position and because New Mexico Student Loans "does not declare or stipulate its position." Plaintiffs also filed a motion to strike ECMC's points and authorities in opposition to Plaintiffs' motion to dismiss ECMC as well as the accompanying declaration of Kerry Klisch pursuant to Civil Local Rule 7-3.

II.

ANALYSIS

A. **Plaintiffs' Motion for Summary Judgment**

Plaintiffs move for summary judgment against ACS and New Mexico Student Loans on the basis that Plaintiffs' debts to these two entities were discharged in Plaintiffs' chapter 7 bankruptcy case. ECMC opposes the motion. As discussed in Section II.B., below, ECMC is the real party in interest.

Summary judgment is appropriate where the evidence demonstrates that there are no genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. Barboza v. New Form, Inc., 545 F.3d 702, 707 (9th Cir. 2008). Here, Plaintiffs are not entitled to judgment as a matter of law.

The Supreme Court has stated that Bankruptcy Code section 523(a)(8) is "self-executing" and that "[u]nless the debtor

affirmatively secures a hardship determination, the discharge order will not include a student loan debt." <u>Tennessee Student Assistance Corp. v. Hood</u>, 541 U.S. 440 (2004). In other words, creditors to whom Plaintiffs owe student loan debt are not required to file a proof of claim or to litigate the dischargeability of any such debt during the bankruptcy case. Any assignees of Plaintiffs' student loan debt would also be exempted from filing claims, whether the assignment took place during or after the close of Plaintiffs' bankruptcy case.

Thus, contrary to Plaintiffs' assertions, Plaintiffs' student loan debt remains due and nondischargeable despite the fact that none of Plaintiffs' student loan creditors filed a proof of claim in this bankruptcy case or a complaint to determine dischargability.

**B.  Plaintiffs' Motion to Dismiss ECMC from these Proceedings**

Plaintiffs move to dismiss ECMC as a party from these proceedings. ECMC opposes Plaintiffs' motion to dismiss. As discussed in more detail in Section II.F., below, Plaintiffs' motion to strike ECMC's opposition and accompanying declaration is denied.

Plaintiffs assert that, according to the NSLDS, the current guarantee agency for Plaintiffs' student loan debt is ASA -- not ECMC. However, ECMC has submitted a declaration explaining how the note to which ASA once held right, title, and interest was transferred in right, title, and interest to ECMC on April 13, 2011. ECMC also submitted a copy of the assignment of claim letter to the Court. Based on this uncontroverted evidence, the Court

finds that ECMC is the current party in interest regarding the note for Plaintiffs' student loan debt.

Federal Rule of Civil Procedure 19(a), as incorporated by Federal Rule of Bankruptcy Procedure 7019, provides in relevant part:

> (a)(1) A person ... must be joined as a party if:
>
> . . .
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest.

ECMC has submitted evidence that ECMC is the assignee of some of Plaintiffs' student loan debt. Because the other parties have no financial incentive to represent ECMC adequately in this proceeding, ECMC must be a party to Plaintiffs' dischargeability adversary proceeding. In other words, because this proceeding involves property in which ECMC has an interest, ECMC must be a party in order to represent ECMC's financial interest adequately.

### C. Plaintiffs' Notice of Violation of Transfer of Claim

Plaintiffs assert that the transfer of claim from ASA to ECMC was improper under Rule 3001(e)(2). However, Rule 3001(e)(2) governs the transfer of claims other than for security after a proof of claim has been filed. Because Bankruptcy Code section 523(a)(8) is self-executing, ASA was never required to file a proof of claim. Rule 3001(e)(2) cannot, therefore, govern the transfer of claim from ASA to ECMC.

**D. Plaintiffs' Motion re ECMC's Answer**

Plaintiffs move to treat ECMC's answer to Plaintiffs' first amended complaint at paragraphs four and fourteen as affirmative. The Court is unclear as to what relief Plaintiffs seek. ECMC's answer at paragraph four states, "ECMC admits the allegations at paragraphs eight, nine and eleven." ECMC Answer, 1:27. As ECMC's answer at paragraph four already admits allegations made by Plaintiffs in Plaintiffs' first amended complaint, there is no need for Plaintiffs to move to treat ECMC's answer as affirmative.

ECMC's answer at paragraph fourteen states, "ECMC denies the allegations at paragraphs fifty-seven to sixty-three." ECMC Answer, 2:19. Paragraphs fifty-seven to sixty-three of Plaintiffs' first amended complaint refer to Plaintiffs' allegations relating to Plaintiffs' request for declaratory relief against defendants. These allegations assert that Plaintiffs' student loan debt was discharged in Plaintiffs' bankruptcy case and that the defendants are not entitled to collect on that debt. The proper way to dispute ECMC's denial of Plaintiffs' allegations is through settlement or adjudication, not a motion to treat ECMC's denial as affirmative. Plaintiffs' motion to treat ECMC's answer at paragraphs four and fourteen as affirmative is therefore denied.

**E. Plaintiffs' Motion to Strike re New Mexico Student Loans**

Plaintiffs move to strike New Mexico Student Loans' motion to dismiss pursuant to Bankruptcy Local Rule 9014-1. Plaintiffs contend that New Mexico Student Loans did not submit any declarations in support of New Mexico Student Loans' motion and this Court should therefore strike New Mexico Student Loans' motion

to dismiss. Plaintiffs' motion to strike is denied for two reasons.

First, a motion to strike is granted only in limited circumstances. Federal Rule of Civil Procedure 12(f) provides that a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that arises from litigating spurious issues by dispensing of those issues before trial. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Motions to strike are generally disfavored. Rosales v. Citibank, 133 F.Supp.2d 1177, 1180 (N.D. Cal. 2001). In most cases, a motion to strike should not be granted unless "the matter to be stricken clearly could have no possible bearing on the subject of the litigation." Platte Anchor Bolt, Inc. v. IHI, Inc., 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004).

Here, Plaintiffs move to strike New Mexico Student Loans' motion to dismiss merely because no declarations were filed with the motion. The grounds Plaintiffs assert in Plaintiffs' motion to strike may be raised as opposition to New Mexico Student Loans' motion to dismiss and are not a basis upon which to strike that pleading.

Second, Bankruptcy Local Rule 7007-1, not Bankruptcy Local Rule 9014-1, governs the filing of motions in an adversary proceedings and Bankruptcy Local Rule 7007-1 does not require that declarations be filed in support of a motion. Accordingly, the Court denies Plaintiffs' motion to strike.

### F. Plaintiffs' Motion to Strike re ECMC

Plaintiffs move to strike ECMC's memorandum of points and authorities in opposition to Plaintiffs' motion to dismiss and motion for summary judgment, as well as the accompanying declaration of Kerry Klisch, pursuant to Civil Local Rule 7-3 which provides that any opposition must be filed at least 21 days before the hearing. While Bankruptcy Local Rule 1001-2 incorporates certain Bankruptcy Local Rules, Civil Local Rule 7-3 is not one of those rules.

Instead, Bankruptcy Local Rule 7007-1 governs the time to file papers related to a motion in an adversary proceeding. Rule 7007-1 provides in relevant part that "[a]ny opposition to a motion shall be filed and served at least 14 days before the hearing date." B.L.R. 7007-1(b). Here, ECMC filed ECMC's memorandum, declaration, and accompanying items on June 7, 2011, more than 14 days before the scheduled hearing for this matter on June 23, 2011, and so ECMC's opposition papers were filed timely. Accordingly, the Court denies Plaintiffs' motion to strike ECMC's memorandum of points and authorities in opposition to Plaintiffs' motion to dismiss and motion for summary judgment pursuant to Civil Local Rule 7-3.

### G. Discharge of Plaintiffs' Student Loan Debts For Hardship Reasons

While Plaintiffs make numerous allegations in Plaintiffs' first amended complaint, the first amended complaint does not specifically seek to have Plaintiffs' student loan debts discharged for hardship reasons. "Section 523(a)(8) is the 'hardship' provision, which allows the court to discharge an otherwise nondischargeable student loan if excepting the debt from discharge

will impose an undue hardship on the debtor or the debtor's dependants." 4 Collier on Bankruptcy, ¶523.14[2] at 523-103 to 523-104 (16th ed. 2011). In order to except student loan debt from discharge, the bankruptcy court must determine that the payments of the debt will cause an undue hardship on the debtor and the debtor's dependants, thus defeating the "fresh start" concept of the bankruptcy laws. There may well be circumstances that justify the failure to repay a student loan, such as illness or incapacity. If the court finds that such circumstances exist, the court may order the debt be discharged. Id. at 523-104. A court may discharge all or a portion of a student loan that meets the requirements of section 523(a)(8). In re Saxman, 325 F.3d 1168, 1174 (9th Cir. 2003).

"There has been a wide range of judicial reaction to the undue hardship claims of debtors." 4 Collier on Bankruptcy at ¶523.14[2] at 523-104. The commonly used test for evaluating whether a student loan is dischargeable under section 523(a)(8) provides that a student loan debt is dischargeable if three conditions are met:

(1) The debtor cannot maintain -- based on current income and expenses -- a "minimal" standard of living if forced to repay the loans;

(2) There are indications that the state of affairs is likely to persist for a significant portion of the repayment period; and

(3) The debtor has made good faith efforts to repay the loans.

Brunner v. New York State Higher Education Servs. Corp., 831 F.2d 395 (2d Cir. 1987); In re Pena, 155 F.3d 1108 (9th Cir. 1998).

In determining whether the debtor can maintain a "minimal" standard of living if forced to repay the loans, the court should

consider the debtor's income, living expenses, and standard of living. The method for calculating a debtor's average monthly expenses is a matter properly left to the discretion of the bankruptcy court. Pena, 155 F.3d at 1112. If subtracting the debtor's monthly expenses from the debtor's monthly income leaves a deficit, then the debtor cannot maintain a minimal standard of living and pay off the student loans. Pena, 155 F.3d at 1113. See also In re Mason, 464 F.3d 878, 882 (9th Cir. 2006); In re Craig, 579 F.3d 1040, 1045 (9th Cir. 2009). Other courts have also focused on whether the debtor has maximized the debtor's income and minimized the debtor's expenses. Educational Credit Management Corp. v. DeGroot, 339 B.R. 201, 207 (D. Or. 2006).

The second prong of the test, sometimes referred to as the "additional circumstances test," requires the debtor to show that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans. Brunner, 831 F.2d at 396. Stated in the affirmative, this part of the Brunner test considers whether there is a likelihood that the debtor's financial situation will improve sufficiently to permit the debtor to repay the loans. NYS v. Educational Credit Management Corp., 308 B.R. 436, 442 (9th Cir. BAP 2004). The court may consider any number of circumstances that relate to future ability to pay. Depending on the case, the debtor's age, training, physical and mental health, education, assets, ability to obtain a higher paying job or reduce expenses, and other factors not listed here may be relevant. The test is, by its nature, case-by-case. NYS, 308 B.R. at 444.

The common thread of prior rulings discussing this prong of the <u>Brunner</u> test is that those facts generally considered "additional circumstances" are beyond the debtor's control. <u>DeGroot</u>, 339 B.R. at 210. Where the debtor has reasonable control over the circumstances causing hardship, courts are much more reluctant to go against Congress' general policy of not discharging student loan debt. See <u>In re Birrane</u>, 287 B.R. 490, 497-98, 500 (9th Cir. BAP 2002)(finding second prong not met as debtor had "no problems that were insurmountable or that impaired her ability to work" and noting, "[t]he debtor may not willfully or negligently cause his own default, but rather his condition must result from factors beyond his reasonable control") (internal quotations and citation omitted); <u>In re Chapelle</u>, 328 B.R. 565, 571-573 (Bankr. C.D. Cal. 2005)("[T]he evidence does not show that [the debtor's] difficulties are likely to persist, or that she is faced by 'additional circumstances' that she cannot overcome or are beyond her reasonable control."); <u>In re Oyler</u>, 397 F.3d 382, 386 (6th Cir. 2005)("[M]ost importantly, [the circumstances] must be beyond the debtor's control, not borne of free choice.").

The final prong of the <u>Brunner</u> test requires that the debtor exhibit good faith in the debtor's efforts to repay the student loans. See <u>Pena</u>, 155 F.3d at 1114. Courts consider a number of factors in deciding whether the debtor has exercised good faith, including: (1) whether the debtor has worked to maximize income and minimize expenses; (2) whether the debtor has made an effort to negotiate a repayment plan; (3) whether the debtor has made any payments on the loan; and (4) the timing of the debtor's attempt to have his or her loan discharged. <u>Birrane</u>, 287 B.R. at 499;

Brunner, 831 F.2d at 397; Chapelle, 328 B.R. at 573. Courts will also consider "[A] debtor's effort - or lack thereof - to negotiate a repayment plan," although a history of making or not making payments is, by itself, not dispositive. Birrane, 287 B.R. at 499-500. The debtor's obligation to act in good faith only ends when the loan has been paid in full or discharged. Thus, the debtor must continue making good faith efforts to repay even after a bankruptcy petition has been filed. Birrane, 287 B.R. at 500.

### III.

### CONCLUSION

For the forgoing reasons, Plaintiffs': (1) motion for summary judgment against ACS and New Mexico Student Loans; (2) motion to dismiss ECMC from these proceedings; (3) notice of violation of transfer of claim between ECMC and JP Morgan Chase Bank (with ASA as guarantor) under Rule 3001(e)(2); (4) motion to treat paragraphs four and fourteen of ECMC's answer to Plaintiffs' first amended complaint as affirmative; (5) motion to strike New Mexico Student Loans' motion to dismiss; and (6) motion to strike ECMC's opposition and accompanying declaration of Kerry Klisch pursuant to Civil Local Rule 7-3 are all denied.

This Court's ruling does not preclude Plaintiffs from litigating the dischargeability of Plaintiffs' student loan debt as an undue hardship under Bankruptcy Code section 523(a)(8) in the future. Because Plaintiffs' first amended complaint does not specifically seek to have Plaintiffs' student loan debt discharged for hardship reasons, Plaintiffs will need to further amend Plaintiffs' complaint, if Plaintiffs choose to pursue this relief.

In order to amend the first amended complaint, Federal Rule of Bankruptcy Procedure 7015 requires that Plaintiffs must either obtain the stipulation of all answering and appearing defendants **or** file, serve and set for hearing -- on notice to all defendants who have answered or otherwise appeared in this adversary proceeding at the time that the motion is filed and served -- a motion seeking the Court's permission to amend Plaintiffs' complaint further. See 3 Moore's Federal Practice, §15.14[1](3d ed. 2011).

IT IS SO ORDERED.

Dated: July 27, 2011

ARTHUR S. WEISSBRODT
UNITED STATES BANKRUPTCY JUDGE

Court Service List

Saleh Lajkem
316 Mid-Valley Center #153
Carmel, CA 93923

Rosalba C. Ramirez
316 Mid-Valley Center #153
Carmel, CA 93923

JP Morgan Chase
ACS P.O. Box 22724
Long Beach, CA 90801-5724

New Mexico Institute of Mining and Technology
(University Accounting Services)
P.O. Box 5291
Carol Stream, IL 60197-5291

Educational Credit Management Corporation
1 Imation Place Building 2
Oakdale, MN 55128

Miriam E. Hiser
Law Offices of Miriam E. Hiser
550 Montgomery St. #650
San Francisco, CA 94111

ACS Education Loan Services, LLC
501 Bleecker Street
Utica, NY 13502

New Mexico Student Loans
UAS LLC (Servicer)
7400 Tiburon LE
Albuquerque, NM 87109-5910

Reginald J. Storment
7400 Tiburon NE/POB 93970
Albuquerque, NM 87199-3970

Office of the U.S. Trustee / SJ
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004